IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, also known as Dr. Phyllis M. Knight Bey D.M., <br><br> Plaintiff, <br><br> vs. <br><br> LACHELLE A. PHILLIPS and ARTHUR PHILLIPS, <br><br> Defendants. | 8:21CV408 <br><br> **MEMORANDUM AND ORDER** |

    Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

    The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

    "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction ...." Fed. R. Civ. P. 8(a)(1).

Plaintiff states she is invoking the court's diversity-of-citizenship jurisdiction, and alleges Defendants are residents of Texas, although she has not provided an address for either of them. (Filing 1 at 2-4.) Without an address for service of summons, this case cannot go forward. Plaintiff has provided her Nebraska address, but has not alleged her state of citizenship. (Filing 1 at 1, 3.)

When asked on the standard form complaint to explain the amount she claims to be owed, or the amount at stake, Plaintiff alleges:

> Plaintiff a disable person and career copyright artist, singer and songwriter registered with the Library of Congress and BMI music publishing who was practicing her religious beliefs suffered religious persecution and theft of all her assets when she was intentionally target by a corrupt organize gang lead by the Defendants who perpetrated the fraud in a real estate home mortgage scam and pedatory lending fraud involving property located 5403 Grand A venue in Omaha, Nebraska valued at $165,600.00. That resulted in home invasion, grand larceny and extortion of Plaintiffs personal and intellectual property valued at approximately $500,500,000.

(Filing 1 at 4.)

"[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). *See also Missouri v. Western Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995) ("[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000); *see, e.g.*, *Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *7 (D. Neb. June 13, 2019) (on initial review, requiring pro se, in forma pauperis plaintiff to file amended complaint to allege facts and attach supporting documents showing that amount in controversy exceeds $75,000.00, as required for diversity of citizenship jurisdiction), *aff'd*, 798 F. App'x 971 (8th Cir. 2020); *Swift v. Walmart*, No. 8:15CV300, 2016 WL 1050263, at *2 (D. Neb. Mar. 16, 2016) (on initial review, requiring plaintiff to show by a preponderance of the evidence that the amount claimed as damages is legitimate, and that the court has subject-matter jurisdiction).

Plaintiff's claim for a half-billion dollars in damages obviously is frivolous, and there also is no support for the included amount of $165,600.00. Plaintiff alleges she had a verbal agreement with Defendants to purchase their home, which they breached. The measure of damages for breach of contract is not the market value of the real estate. *See Turner v. Alberts*, 399 N.W.2d 817, 820 (Neb. 1987) ("The general measure of damages for a breach of contract to convey land is the difference between the market value of the land at the time of the breach and the price set out in the contract."). The remainder of Plaintiff's "explanation" is uninformative.

"A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up).

The court will give Plaintiff leave to amend in order to allege sufficient facts to establish diversity of citizenship and satisfaction of the jurisdictional amount. If an amended complaint is filed, Plaintiff must also comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See, e.g.*, *Chandler v. Pogue*, 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se plaintiff's lengthy complaint for failure to comply with Rules 8 and 10).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant

cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's Complaint contains 9 pages of attachments in which she provides a day-by-day account of extraneous information, a list of 42 "constitutional and statutory provisions involved," and 2 pages of legal references. (Filing 1 at 7-15.) The court's form specifically instructed Plaintiff:

> **Write a short and plain statement of the claim.** Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Filing 1 at 4 (emphasis supplied).) In addition, Plaintiff attached 58 pages of exhibits to her Complaint. The court does need or want to see any exhibits at this stage of the case.

## IV. CONCLUSION

The court does not appear to have subject-matter jurisdiction over this matter, and Plaintiff's Complaint fails to comply with federal pleading practice.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims.

> Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: November 22, 2021—amended complaint due.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 22nd day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
