IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, also known as Dr. Phyllis M. Knight Bey D.M., <br><br>  Plaintiff, <br><br> vs. <br><br> LACHELLE A. PHILLIPS and ARTHUR PHILLIPS, <br><br>  Defendants. | 8:21CV408 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2), the court now conducts an initial review of Plaintiff's Amended Complaint (Filing 8) to determine whether this matter may proceed to service of process.

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

Plaintiff invokes the court's subject-matter jurisdiction under 28 U.S.C. § 1332, which applies to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." 28 U.S.C. § 1332(a)(1). Plaintiff alleges she is a citizen of Kansas, and both defendants are Texas citizens. She further alleges that the amount in controversy exceeds $75,000 because the defendants breached an oral agreement for the transfer of real property valued at $165,000 and stole non-itemized "personal and intellectual" property from the home valued at $300,500. (Filing 8 at 4.)

"[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). *See also Missouri v. Western Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995) ("[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (same).

Generally, the measure of damages for a breach of contract to convey land is the difference between the market value of the land at the time of the breach and the price set out in the contract, *Turner v. Alberts*, 399 N.W.2d 817, 820 (Neb. 1987), and the measure of damages for conversion of personal property is the fair market value of the property at the time and place of the conversion, *Zelenka v. Pratte*, 912 N.W.2d 723, 727-28 (Neb. 2018). Plaintiff does not allege any facts indicating that she suffered any financial loss as a result of the breach of contract, and her claimed damages of $300,500 for loss of personal property is highly suspect.

Plaintiff alleges she was forcibly removed from the real property on August 26, 2019, when a city constable served a writ of restitution, and upon re-entering the property on September 15, 2019, discovered "the home had been raided and robbed for cash in the amount of $7,300 … [w]th the rooms left empty to find what was left of personal property thrown in the garage." (Filing 8-1 at 4) The court takes judicial notice that in an earlier action, in which Plaintiff was granted leave to proceed in forma pauperis, Plaintiff declared under penalty of perjury on May 8, 2019, that she had $200 in cash and did not own any "automobile, real estate, stock, bond, security, trust, jewelry, artwork, or other financial instrument of thing of value …." (Case No. 8:19CV206, Filing 2) In another financial affidavit filed in that case on August 12, 2019, two weeks before being evicted, Plaintiff declared she had $1.11 in a checking account and owned two motor vehicles worth a combined total of $750. (Case No. 8:19CV206, Filing 15) It further appears that the home was occupied or used by other individuals. Pro se parties may not represent the interests of other parties. *Miller By A.M. v. Dorsey*, No. 4:18CV3031, 2018 WL 4854180, at *3 (D. Neb. Oct. 5, 2018) (citing cases). Thus, Plaintiff cannot claim damages for missing money, clothing, jewelry, furniture, or other items of personal property belonging to others.

"A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up). Although the court has serious misgivings regarding the truthfulness of Plaintiff's allegation that the amount in controversy exceeds $75,000, at this point in time it cannot say to a legal certainty that the claim is really for a lesser amount.

IT IS THEREFORE ORDERED:

1. This matter may proceed to service of process. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send two summons forms and two USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible,

3

complete the forms and send the completed forms back to the Clerk of Court. Otherwise, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with two copies each of the Amended Complaint (Filing 8) and this Memorandum and Order to the United States Marshals Service for service of process on Defendants.[1] The Marshals Service shall serve Defendants by certified mail or other method authorized by Fed. R. Civ. P. 4(e) for service on individuals.

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 23rd day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).