IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>LACHELLE A. PHILLIPS, and ARTHUR PHILLIPS,<br><br>Defendants. | 8:21CV408<br><br>ORDER |

This matter is before the Court on Plaintiff's motion requesting that I recuse myself from this case. ([Filing No. 41](.).) This request will be denied.

On September 8, 2023, I held a telephone conference with the parties regarding a motion to compel filed by Plaintiff. During the call, Defendant Lachelle Phillips indicated she did not understand why the Court was having the call or what a motion to compel is. I told the parties the reason for the telephone conference—because Plaintiff had filed a motion to compel Defendants to answer discovery requests. Plaintiff contends I provided Defendants legal advice by telling Defendants what a motion to compel is.

A judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned. [28 U.S.C. § 455(a)](). "Every judicial officer must satisfy herself that she is unbiased toward the parties in each case and that her impartiality is not reasonably subject to question." [*Franklin v. Dept. of Heath and Human Services*, No. 8:21CV87, 2021 WL 5920483, at \*1 (D. Neb. Nov. 16, 2021)](). Decisions regarding disqualification should be made by the judge sitting in the case—not by another judge. *Id*. (citing [*United States v. Balistrieri,*]()

779 F.2d 1191, 1202-03 (7th Cir. 1985)). "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004) (quotation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (quotation omitted).

I will not recuse myself from this case for multiple reasons. First, responding to a question posed to me about why the Court scheduled a telephone conference and discussing procedural matters during a court proceeding does not constitute the practice of law. I did not provide Defendants any legal advice by explaining why the telephone conference was scheduled or what a motion to compel is. In fact, I specifically stated I could not provide legal advice or instruct anyone what to do. Second, I have no personal knowledge of, or involvement with, any of the facts giving rise to this proceeding. Third, I have no interest, economic or otherwise, in the outcome of this litigation. Fourth, I have no personal relationship with Defendants or Plaintiff. I was not aware of Defendants or Plaintiff before this action was filed. Under such circumstances, a reasonable person would not conclude I am biased. While Plaintiff may be dissatisfied with certain rulings I made in this case, this is not a basis upon which I must recuse myself.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Recuse (Filing No. 41) is denied.

Dated this 13th day of January, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge