IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>LACHELLE A. PHILLIPS, and ARTHUR PHILLIPS,<br><br>Defendants. | 8:21CV408<br><br>ORDER |

This matter is before the Court on Plaintiff's requests for hearings regarding the objections to the Federal Rule of Civil Procedure 45 subpoenas she sent to non-parties Ocwen Loan Servicing, LLC ("Ocwen") and Chatelain & Maynard ("C&M"). (Filing No. 49; Filing No. 50.) Ocwen objected to the subpoena and filed a brief in opposition to Plaintiff's request for hearing. (Filing No. 51; Filing No. 52-3.) C&M filed an objection to Plaintiff's subpoena. (Filing No. 48.)

## PROCEDURAL BACKGROUND

This case was filed on October 14, 2021. (Filing No. 1.) A Final Progression Order was entered on May 10, 2022. (Filing No. 21.) The Final Progression Order provided that all interrogatories, requests for admission, and requests for production or inspection needed to be served by June 8, 2022. Pursuant to the order, depositions needed to be completed by August 15, 2022 and motions to compel discovery had to be filed by August 29, 2022. The motion to compel deadline was later extended to October 25, 2022. (Filing No. 25.)

On December 20, 2022, the Court received Plaintiff's request for issuance of Rule 45 subpoenas. (Filing No. 37.) The subpoena form submitted for Ocwen was dated December 13, 2022. (Filing No. 37.) The subpoena form for C&M was undated. The forms listed the date of production for the requested documents as December 13, 2022. On December 21, 2022, the Court entered an order instructing the Clerk of Court to issue the subpoenas and return them to Plaintiff for service. (Filing No. 38.) The order directed Plaintiff to comply with all requirements of Rule 45, including, but not limited to, the notice to the parties and proof of service requirements.

On January 6, 2023, Plaintiff filed proofs of service for the subpoenas, indicating she had served the subpoenas upon C&M and Ocwen by certified mail on January 3, 2023. (Filing No. 40.) Ocwen objected to the subpoena on January 27, 2023. (Filing No. 52-3.) C&M filed an objection to the subpoena on January 31, 2023. (Filing No. 48.) Plaintiff filed the instant motions for hearing on February 14, 2023. (Filing No. 49; Filing No. 50.) Ocwen filed its brief in opposition to Plaintiff's motions on February 23, 2023. (Filing No. 51.) Plaintiff filed her response on March 10, 2023. (Filing No. 53.)

## DISCUSSION

The Court will not order C&M or Ocwen to comply with the subpoenas. The Court specifically advised Plaintiff to comply with all requirements of Federal Rule of Civil Procedure 45 in connection with the subpoenas. Plaintiff failed to do so.

First, the subpoenas issued for C&M and Ocwen requested that the documents be produced on December 13, 2022. However, the subpoenas were not issued until December 21, 2022. Rule 45 requires that individuals be given a "reasonable time to comply." Fed. R. Civ. P. 45. C&M and Ocwen were not allowed a reasonable period to comply because the compliance date listed on the subpoenas came before the subpoenas were even issued.

Second, the proofs of service filed for the subpoenas were signed by Plaintiff and state that they were served by certified mail. However, under Federal Rule of Civil Procedure 45, a party to a case may not serve a subpoena. Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and *not* a party may serve a subpoena") (emphasis added). Moreover, the proofs of service do not include the certified mail receipt or show the names of the individuals served and

2

the dates those individuals received the subpoenas. Fed. R. Civ. P. 45(b)(4) ("Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.").

Third, it is unclear to the Court whether Defendants were provided copies of the subpoenas. Federal Rule of Civil Procedure 45(a)(4) provides that "[i]f the subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45. There is no indication Plaintiff complied with this requirement.

At this point, the Court will not allow Plaintiff additional time to remedy the deficiencies in the subpoenas. Under the Final Progression Order, all interrogatories, requests for admission, and requests for production or inspection needed to be served by June 8, 2022. The motion to compel deadline was October 25, 2022. The Rule 45 subpoenas were sent to Ocwen and C&M well outside these deadlines. See Cave v. Thurston, No. 4:18-CV-00342, 2022 WL 4599408, at *11 (E.D. Ark. Sept. 30, 2022) (finding Rule 45 subpoenas issued outside the court's discovery deadline were untimely). The time for written discovery has closed.

Moreover, there is no good cause to modify the Final Progression Order to re-open discovery. See Fed. R. Civ. P. 16(b)(4). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). This suit was filed in October of 2021. The Final Progression Order setting out the discovery deadlines was filed nearly a year ago. The parties have had ample time to conduct and complete discovery in accordance with the Final Progression Order's requirements.

Accordingly,

**IT IS ORDERED** Plaintiff's requests for hearings regarding the objections to the Federal Rule of Civil Procedure 45 subpoenas (Filing No. 49; Filing No. 50) are denied. Ocwen and C&M do not need to comply with Plaintiff's Rule 45 subpoenas.

Dated this 25th day of April, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

4