IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, also known as Phyllis M. Knight Bey D.M., <br><br> Plaintiff and Counterclaim Defendant, <br><br> vs. <br><br> LACHELLE PHILLIPS and ARTHUR PHILLIPS, <br><br> Defendants and Counterclaimants. | 8:21-CV-408 <br><br> MEMORANDUM AND ORDER |

The plaintiff/counterclaim defendant in this case, Phyllis M. Knight, moves to dismiss the counterclaim asserted by Lachelle and Arthur Phillips. Filing 31. The Court will deny Knight's motion.

STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012).

## BACKGROUND

Knight sued the Phillipses based on what appears to be a property deal gone wrong. Knight alleges that she and the Phillipses had an oral agreement for Knight to "take over" a residential property in Omaha. Filing 8 at 4. The essence of the alleged agreement was that the Phillipses would refinance the property in their name, Knight would live in the home and make the Phillips' mortgage payments for a few months, and then the Phillipses would transfer the loan to Knight. Filing 8 at 4. That agreement was allegedly extended for another six months. Filing 8 at 4. But instead, according to Knight, the agreement was breached—she made the payments, but she was evicted and the home was sold. *See* filing 8-1 at 3-5.

The Phillips' account is markedly different. They deny there was any agreement to purchase the property. Filing 19 at 2. Instead, they allege a straightforward rental agreement. Filing 19 at 4. And, they say, Knight simply didn't pay her rent, and was evicted as a result. Filing 19 at 2, 4, 8-11. They also allege that even after the eviction, Knight broke into the residence, requiring them to change the locks again. Filing 19 at 11-12. So, the Phillipses have asserted a counterclaim for their expenses associated with the eviction and subsequent trespass. Filing 19 at 5-6.

## DISCUSSION

Knight's arguments for dismissing the Phillips' counterclaim are not always easy to follow. First, she claims that the counterclaim should be dismissed pursuant to Rule 12(b)(4) for insufficient process "by the Court and the [Phillipses]." Filing 31 at 1. But her actual grievance seems to be with *due* process, not the *form* of process, which is what Rule 12(b)(4) is about. *See* filing 31 at 2-3. Technically, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Fed. R. Civ. P. 4(b) or any applicable

provision incorporated by Rule 4(b) that deals specifically with the content of the summons. *United States v. Hafner,* 421 F. Supp. 2d 1220, 1223 (D.N.D. 2006). But because an answer and counterclaim are served *after* the original complaint, they can be served pursuant to Fed. R. Civ. P. 5, which doesn't require a summons.

More generally—setting aside the technicalities of Rule 12—Knight's issue seems to be that the Phillipses didn't mail their answer and counterclaim themselves: rather, the Magistrate Judge directed the Clerk of the Court to do it when it became apparent during a conference call that Knight hadn't received the Phillips' pleading. *See* filing 31 at 3. The Magistrate Judge didn't abuse her discretion by doing that. Even experienced attorneys sometimes forget about alternative service for non-electronic filers, and there's nothing wrong with the Court helping parties (whether or not represented by counsel) navigate the rules of civil procedure. There is a judicial preference for adjudicating claims on their merits, *see Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998), which sometimes means that the Court overlooks technical deficiencies in order to reach the substance of a claim. (Which, it should be noted, the Court *just did* by reaching the substance of Knight's argument instead of disposing of it based on her erroneous reliance on Rule 12(b)(4).) As long as both sides are given the same latitude, there's no due process problem in that—quite the opposite.

Knight also argues that the Phillipses failed to state a claim for relief. First, she asserts that a previous claim brought against her by La Chelle Phillips in state court was dismissed "for lack of personal and subject matter-jurisdiction." Filing 31 at 3. To the extent Knight is arguing that the Phillips' present claim is precluded by the purported dismissal of an earlier action, that argument is without merit: Even assuming the truth of Knight's cursory

- 3 -

description of the previous case, the one thing the Court does know about it is that it was dismissed on jurisdictional grounds. And the doctrine of claim preclusion only bars relitigation of an issue from a former adjudication if the former judgment was rendered by a court of competent jurisdiction. *Schaeffer v. Frakes*, 984 N.W.2d 290, 298 (Neb. 2023).

Knight's next argument fares no better, because she asserts that a subsequent state court action pursued against her by La Chelle Phillips actually resulted in a judgment against her. Filing 31 at 4. Although Knight denies the legitimacy of that judgment, she seems to admit that she was, by court order, ejected from the disputed property. Filing 31 at 4. That does nothing to establish that the Phillips' counterclaim should be dismissed.

Knight primarily asserts that she has meritorious claims against the Phillipses. *See* filing 31 at 4-5. Perhaps, perhaps not—but that's not the issue at this point. Instead, the only question is whether the facts alleged by the Phillipses, *taken as true*, state a claim for relief. And they do, for breach of contract and trespass, among other things. Accordingly,

IT IS ORDERED that Knight's motion to dismiss (filing 31) is denied.

Dated this 25th day of September, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

- 4 -