IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Phyllis M. Knight, a/k/a Phyllis M. Knight Bey D.M., | |
| Plaintiff and counterclaim defendant, | 8:21-CV-408 |
| vs. | MEMORANDUM AND ORDER |
| Lachelle A. Phillips and Arthur Phillips, | |
| Defendants and counterclaimants. | |

The plaintiff has objected (filing 82) to the Magistrate Judge's order (filing 77) denying her "motion in limine" (filing 76). The Court will overrule the objection. The plaintiff's "motion in limine" sought continuance of the trial date on grounds that provide no basis for doing so, and the Magistrate Judge did not err in denying it.

But the plaintiff's objection raises another issue—one that the Court cannot ignore. The plaintiff's argument is mostly nonsense, but one thing it does clearly and unmistakably assert is that this Court lacks federal subject-matter jurisdiction over this case. There is, in fact, no other way to interpret her filing. *See, e.g.*, filing 82 at 1 ("[no] violation of civil law and the U.S. Constitution has been alleged through pretrial discovery or identified by the magistrate judge to proceed with a civil trial"), 2 (the Court "has NOT satisfied the constitutional requisites under Article III for the existence of standing. . . ."), 5 (there is "no United States Statute or law that gives the jury

authority" to award damages), 6 (there is no "legitimate basis to satisfy the constitutional requisites under Article III for the existence of standing. . . .")

The plaintiff's theory, as briefed, is that the allegations she's made are actually criminal in nature, and that this case should yield to a separately filed *qui tam* action, case no. 8:22-cv-404. *See* filing 82 at 6-7. Whether or not that's right, the fact remains that the *plaintiff* in this civil case is affirmatively asserting, in a motion seeking relief from the Court, that she lacks standing and that the Court lacks jurisdiction. Her deliberate, clear, and unambiguous statements, *see Russell v. Anderson,* 966 F.3d 711, 727-28 (8th Cir. 2020), represent judicial admissions binding in the case in which they are made, *see Pinos Gonzalez v. Barr,* 929 F.3d 595, 597 (8th Cir. 2019).

The Court cannot ignore a lack of subject-matter jurisdiction. *Pac. Nat. Ins. Co. v. Transp. Ins. Co.,* 341 F.2d 514, 516 (8th Cir. 1965). It's the plaintiff's burden to prove subject-matter jurisdiction, *Alberty v. United States,* 54 F.4th 571, 575 (8th Cir. 2022), but she has affirmatively asserted and judicially admitted its absence. And when a federal court lacks subject-matter jurisdiction, it *must* dismiss the case in its entirety. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).[1] Accordingly,

IT IS ORDERED:

1. The plaintiff's objection (filing 82) is overruled.

---

[1] That includes the defendants' counterclaim, which doesn't independently satisfy the amount in controversy, *see* filing 19 at 6, meaning it provides no independent basis for jurisdiction, *see N. Cent. F.S., Inc. v. Brown,* 951 F. Supp. 1383, 1400 (N.D. Iowa 1996).

2. The March 18, 2024 trial is cancelled.

3. This case, in its entirety, is dismissed without prejudice.

4. A separate judgment will be entered.

Dated this 12th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge